**ORAL ARGUMENT NOT YET SCHEDULED**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| UNITED STATES SUGAR CORPORATION, et al., ) ) ) ) Petitioners, ) ) v. ) ) UNITED STATES ENVIRONMENTAL ) PROTECTION AGENCY, et al., ) ) Respondents. ) ) | **Docket No. 11-1108 (and consolidated cases)** |

**Joint Motion to Set Briefing Format and Schedule**

Industry Petitioners,[1] Environmental Petitioners,[2] Petitioner Julander Energy Company ("Julander"), and Respondent United States Environmental Protection

---

[1] Industry Petitioners in Case No. 11-1108 (and consolidated cases) are American Chemistry Council; American Coke and Coal Chemicals Institute; American Forest & Paper Association; American Home Furnishings Alliance, Inc.; American Iron and Steel Institute; American Municipal Power, Inc.; American Petroleum Institute; American Wood Council; Auto Industry Forum; Biomass Power Association; Coalition for Responsible Waste Incineration; Corn Refiners Association; Council of Industrial Boiler Owners; Eastman Chemical Company; JELD-WEN, Inc.; National Association of Manufacturers; National Oilseed Processors Association; Rubber Manufacturers Association; Southeastern Lumber Manufacturers Association, Inc.; Treated Wood Council; Chamber of Commerce of the United States of America; U.S. Sugar Corporation; Utility Air Regulatory Group; and Waste Management, Inc.

Agency ("EPA") hereby submit this proposal to set a briefing format and schedule in the above-captioned proceeding. Counsel for Intervenors in Case No. 11-1108 (and consolidated cases)[3] have been contacted, and none oppose this motion.

On August 6, 2013, EPA filed a motion to govern further proceedings requesting, among other things, that the Court order the parties to submit a proposed schedule and format for briefing by September 17, 2013. On October 16, 2013, the Court issued an order directing the parties to submit proposed briefing formats within 45 days.[4] The parties have conferred and reached consensus on a briefing schedule. As noted below, the parties have reached a consensus on the length of some, but not all, of the briefs. The parties are jointly submitting this proposal, which includes a consensus proposal for the briefing schedule and alternative proposals for the length of some briefs, in the interest of expediting the proceedings.

---

[2] Environmental Petitioners in Case No. 11-1108 (and consolidated cases) are Clean Air Council; Environmental Integrity Project; Louisiana Environmental Action Network; Partnership for Policy Integrity; and Sierra Club.

[3] Intervenor-Respondents are listed *infra* nn.6-7. The only Intervenor-Petitioner is the National Environmental Development Association's Clean Air Project.

[4] Counsel for Industry Petitioners have given consent to Counsel for American Forest & Paper Association, et al. to sign this motion on their behalf.

2

1.   **Briefing Format**

a.   <u>**Petitioners' Opening Briefs.**</u>  The parties propose that Industry Petitioners file a single opening brief, Environmental Petitioners file a single opening brief, and Petitioner Julander file a separate opening brief.  The parties propose that the Industry Petitioners' opening brief and the Environmental Petitioners' opening brief each be limited to 14,000 words and that the Julander opening brief be limited to 3,500 words.  Industry Intervenor-Petitioner National Environmental Development Association's Clean Air Project will not file a separate brief.

In support of their request to file a separate opening brief with a limit of 14,000 words Industry Petitioners state as follows:  The two rules at issue in these consolidated cases involve regulations promulgating "maximum achievable control technology" ("MACT") emission standards for boilers that are "major sources" pursuant to section 112(a)(1) of the Clean Air Act.[5]  The brief for the 24 Industry Petitioners must cover the application of the boiler MACT rules to parties from a wide variety of industries.  Petitioners include parties that represent a broad swathe of American industry, and these parties are affected by the boiler MACT rules in

---

[5] "National Emission Standards for Hazardous Air Pollutants for Major Sources: Industrial, Commercial, and Institutional Boilers and Process Heaters," 76 Fed. Reg. 15608 (Mar. 21, 2011) and "National Emission Standards for Hazardous Air Pollutants for Major Sources: Industrial, Commercial, and Institutional Boilers and Process Heaters," 78 Fed. Reg. 7138 (Jan. 31, 2013).

3

disparate ways. A joint brief with 14,000 words will allow Industry Petitioners to address the industry-specific and site-specific impacts of the two rules.

In support of their request to file a separate opening brief with a limit of 14,000 words Environmental Petitioners state as follows: Environmental Petitioners intend to challenge several distinct aspects of EPA's rule. *See* Non-Binding Statement Of Issues For [Environmental] Petitioners. First, Environmental Petitioners intend to argue that EPA exceeded its statutory authority or acted arbitrarily by setting different standards for boilers that are not of a different class, type, or size. Second, they intend to argue that EPA violated the Clean Air Act by refusing to set standards for polychlorinated biphenyls, hexachlorobenzene, and polycyclic organic matter, and that EPA's use of carbon monoxide as a surrogate for these and other organic hazardous air pollutants is neither reasonable nor permissible. Third, Environmental Petitioners intend to argue that EPA's methodology for establishing the statutory minimum stringencies ("floors") for its standards under Clean Air Act § 112(d)(3), 42 U.S.C. § 7412(d)(3), was unlawful under *Chevron* as well as arbitrary. Specifically, Environmental Petitioners intend to challenge several different aspects of EPA's floor methodology (as well as different approaches that EPA used in setting floors for different pollutants). *See National Ass'n of Clean Water Agencies v. EPA*, __ F.3d __ 2013 WL 4417438 at *12-*31 (D.C. Cir. August 20, 2013) (addressing

several floor-related challenges under similarly worded Clean Air Act provision). Fourth, Environmental Petitioners intend to argue that EPA's decision to set work practice standards instead of emission standards for certain boilers violates Clean Air Act § 112(h), 42 U.S.C. § 7412(h), which precludes EPA from doing so unless it is not feasible to prescribe or enforce emission standards. They further intend to argue that EPA unlawfully and arbitrarily set work practice standards that are not consistent with Clean Air Act § 112(d), as § 112(h) requires. Fifth, Environmental Petitioners intend to argue that EPA's standards do not require the "maximum" degree of reduction in emissions that is "achievable," as required by Clean Air Act § 112(d)(2), 42 U.S.C. § 7412(d)(2). Sixth, Environmental Petitioners intend to argue that EPA's creation of an affirmative defense to penalties for the owners and operators of boilers that violate their emission standards during periods of equipment malfunction is unlawful and arbitrary. In addition to their arguments, Environmental Petitioners will need to provide the mandatory sections of the brief that count towards the word limit. *See* Fed. R. App. P. 28(a)(4)-(8), 24(a)(9)(B); D.C. Circuit Rule 28(a)(6)-(7). Environmental Petitioners respectfully submit that they will need 14,000 words to adequately brief the issues they will raise.

In support of its request to file a separate opening brief with a limit of 3,500 words, Julander notes that it is ostensibly an "industry" petitioner but its interests are adverse to all of the industry petitioners. Industry Petitioners' common ground

5

is that the boiler emission standards at issue here are too stringent; Julander's claims are that EPA erred in various ways in its decision not to mandate that some or all of those boilers switch from burning coal to burning natural gas. This puts Julander fundamentally at odds with its fellow industry petitioners, and there would be no practical way for Julander to argue its claims in the context of an industry brief. Nor does Julander share any claims with the Environmental Petitioners, making it almost as difficult to present its claims in the context of their brief as it would be in the Industry Petitioners' brief. Julander believes 3,500 words is necessary to adequately brief the five separate legal and factual issues raised in its Statement of Issues.

      **b.** **Respondent's Brief.** The parties propose that Respondent EPA file a response brief of 31,500 words. In support of its request to file a Respondent Brief of 31,500 words EPA states as follows: As outlined herein, the Industry petitions involve multiple petitioners representing varied industries who claim to be affected by the subject rules in many disparate and varying ways, and in addition involve a multitude of issues raised by the Environmental Petitioners. Accordingly, EPA believes it needs a matching number of words as that provided in total to the two sets of Petitioners (Industry and Environmental), plus Julander, in order to adequately address the many unique issues likely to be raised, as reflected in the parties' respective Nonbinding Statements of Issues.

**c.     Intervenor-Respondents' Briefs.**  The parties propose that Industry Intervenor-Respondents[6] file a single brief and Environmental Intervenor-Respondents[7] file separate single brief.  The interests of Industry Intervenor-Respondents and Environmental Intervenor-Respondents are not aligned; each group intends to help EPA defend against claims brought by the other.

Industry Intervenor-Respondents propose to file a brief of 12,000 words.  In support of their request, Industry Intervenor-Respondents state as follows:  The brief for the 28 Industry Intervenor-Respondents must respond to the issues that have been raised by the Environmental Petitioners in their Statements of Issues filed with the court.  The 37 issues identified by the Environmental Petitioners (in Case Nos. 11-1181 and 13-1098) include challenges to the categories of sources

---

[6] Industry Intervenor-Respondents in Case No. 11-1108 (and consolidated cases) are American Chemistry Council; America Coke and Coal Chemicals Institute; American Forest & Paper Association; American Home Furnishings Alliance, Inc.; American Iron and Steel Institute; American Municipal Power, Inc.; American Petroleum Institute; American Wood Council; Auto Industry Forum; Biomass Power Association; Chamber of Commerce of the United States of America; Coalition for Responsible Waste Incineration; Corn Refiners Association; Council of Industrial Boiler Owners; Energy Recovery Council; Eastman Chemical Co.; Florida Sugar Industry; HOVENSA, L.L.C.; JELD-WEN, Inc.; National Association of Manufacturers; National Oilseed Processors Association; Rubber Manufacturers Association; Southeastern Lumber Manufacturers Association, Inc.; Tesoro Hawaii Corporation; Utility Air Regulatory Group; United States Sugar Corporation; Waste Management, Inc.; and WM Renewable Energy LLC.

[7] Environmental Intervenor-Respondents in Case No. 11-1108 (and consolidated cases) are Clean Air Council; Partnership for Policy Integrity; and Sierra Club.

7

EPA chose to regulate, the stringency of the standards the EPA promulgated, and the pollutants and fuel types that EPA subjected to the standards, each of which affect Industry Intervenor-Respondents in different ways.  Therefore, Industry Intervenor-Respondents are seeking a brief of 12,000 words to provide a vigorous and helpful supplement to EPA's defense of its rules.

Because Environmental Petitioners propose to file only a standard length 14,000 word opening brief, they oppose as unnecessary Industry Intervenor-Respondents' request for an over-long 12,000 word response brief.  Environmental Petitioners respectfully submit that Industry Intervenor-Respondents can respond to a standard length opening brief with a standard length intervenor brief, as contemplated by Rule 28.1(c) of the Federal Rules of Appellate Procedure and Circuit Rules 29(c) and 32(a)(2)(B).  Further, if Industry Intervenor-Respondents are allowed a 12,000 word brief, Environmental Petitioners will be prejudiced by having to respond to EPA's 31,500 word brief and an Industry-Intervenor Respondents' over-long 12,000 word brief with a standard-length reply brief of just 7,000 words.  Accordingly, Environmental Petitioners oppose Industry Intervenor-Repondents' request for a 12,000 word brief.

Environmental Intervenor-Respondents request a standard-length brief of 8,750 words.  Environmental Intervenor-Respondents respectfully submit that a standard-length intervenor-respondent brief is necessary to respond to Industry

Petitioners' standard-length opening brief, which as explained above by Industry Petitioners may address a wide range of industry-specific and site-specific issues.

      **d.**    **Reply Briefs.**  Industry Petitioners propose to submit a 7,000 word reply brief.  In support of their request, Industry Petitioners state as follows: The boiler MACT rules will impact a wide variety of facilities in virtually every industry in the United States and result in industry-specific and site-specific impacts.  As noted above, the rules raise, and Petitioners expect to brief, numerous issues that are not common among all Industry Petitioners.  With a 7,000 word limit, Industry Petitioners will be able to respond to each of the relevant issues, and the Court will have the benefit of complete argument in the case.

    Environmental Petitioners request a standard-length reply brief of 7,000 words, unless the Court grants Industry Intervenor-Repondents' request for an over-long 12,000 word brief.  If the Court denies that request, Environmental Petitioners submit that 7,000 words will be enough to address responsive arguments raised in EPA's responsive brief of 31,500 words and in Industry Intervenor-Respondents' responsive brief.  If the Court grants Industry Intervenor-Repondents' request for a 12,000 word brief, however, Environmental Petitioners respectfully request a reply brief of 10,250 words. Environmental Petitioners respectfully submit that they will need 10,250 words to address the responsive arguments raised in the responsive briefs totaling 43,500 words that would be filed

by EPA and Industry Intervenor-Respondents, if Industry Intervenor-Repondents' request for an over-length brief is granted.

Petitioner Julander requests a reply brief of 1,750 words.

**2.    Schedule.**  The parties propose the following schedule:

- Industry Petitioners', Environmental Petitioners', and Julander's opening briefs will be due January 13, 2014.
- EPA's response brief will be due April 14, 2014.
- Industry Intervenor-Respondents' and Environmental Intervenor-Respondents' briefs will be due May 16, 2014.
- Industry Petitioners', Environmental Petitioners', and Julander's reply briefs will be due May 30, 2014.
- The Joint Appendix will be due June 13, 2014.
- The final form briefs will be due June 27, 2014.

In addition, all parties request that the Court schedule oral argument in these consolidated cases as early as possible after the conclusion of briefing.

The parties are filing corresponding motions to set briefing schedules and formats in three other related cases: Case Nos. 11-1125, 11-1141, and 11-1148 (and cases consolidated with the foregoing cases). The parties believe it is appropriate to coordinate the briefing schedules of these cases as shown in the table below:

| Case No. | Pet'rs Opening Briefs | Resp't Brief | Intervenor-Resp'ts Briefs | Pet'rs Reply Briefs | Deferred Joint Appendix | Final Form Briefs |
|---|---|---|---|---|---|---|
| 11-1108 | 1/13/14 | 4/14/14 | 5/16/14 | 5/30/14 | 6/13/14 | 6/27/14 |
| 11-1141 | 1/27/14 | 4/30/14 | 5/30/14 | 6/13/14 | 6/27/14 | 7/11/14 |
| 11-1148 | 2/12/14 | 5/20/14 | 6/19/14 | 7/03/14 | 7/17/14 | 7/31/14 |
| 11-1125 | 2/19/14 | 6/03/14 | 7/03/14 | 7/17/14 | 7/24/14 | 7/31/14 |

Given the need for and complexity of coordination among such a large number of parties, the parties agree that it is important for all parties to use their best efforts to maintain the briefing schedule without requests for extensions.

WHEREFORE, the parties respectfully request that the Court enter an order setting the following schedule for briefing in Case No. 11-1108 (and consolidated cases). The alternative proposals on word limits also are set forth below.

| Filing | Due Date |
|---|---|
| Petitioners' Opening Briefs | January 13, 2014 |
| Respondent's Brief | April 14, 2014 |
| Intervenor-Respondents' Briefs | May 16, 2014 |
| Petitioners' Reply Briefs | May 30, 2014 |
| Deferred Joint Appendix | June 13, 2014 |
| Final Form Briefs | June 27, 2014 |

| Briefs | Industry Petitioners' Word Limit Proposal | Environmental Petitioners' Word Limit Proposal |
|---|---|---|
| Industry Petitioners' and Environmental Petitioners' Opening Briefs | 14,000 words each | 14,000 words each |
| Julander's Opening Brief | 3,500 words | 3,500 words |
| Respondent's Brief | 31,500 words | 31,500 words |
| Industry Intervenor-Respondents' Brief | 12,000 words | 8,750 words |
| Environmental Intervenor-Respondents' Brief | No position | 8,750 words |
| Industry Petitioners' Reply Brief | 7,000 words | 7,000 words |
| Environmental Petitioners' Reply Brief | No position | 7,000 words if Industry Intervenor-Respondents' brief is 8,750 words; 10,250 words if Industry Intervenor-Respondents are granted a 12,000 word brief |
| Julander's Reply Brief | 1,750 words | 1,750 words |

Dated:  November 25, 2013            Respectfully submitted,


Robert G. Dreher                          /s/ William L. Wehrum, Jr.
Acting Assistant Attorney General         William L. Wehrum, Jr.
                                          Hunton & Williams LLP
/s/ Norman L. Rave, Jr.                   2200 Pennsylvania Ave., NW
Norman L. Rave, Jr.                       Washington, D.C.  20037
Perry M. Rosen                            wwehrum@hunton.com
Environmental Defense Section             (202) 955-1637
Environment & Natural Resources
Division                                  *Counsel for Petitioners American*
U.S. Department of Justice                *Forest & Paper Association et al.*

P.O. Box 7611
Washington, D.C. 20044
Norman.Rave@usdoj.gov
Perry.Rosen@usdoj.gov

*Counsel for Respondent*

/s/ James S. Pew
James S. Pew
Neil E. Gormley
Earthjustice
1625 Massachusetts Avenue, NW
Suite 702
Washington, D.C. 20036
(202) 667-4500
jpew@earthjustice.org
ngormley@earthjustice.org

*Counsel for Environmental Petitioners*

/s/ David Bookbinder
David Bookbinder
1700 Bryan Point Road
Accokeek, MD 20607
(301) 751-0611
david.bookbinder@verizon.net

*Counsel for Petitioner Julander Energy Company*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I hereby certify that on this 25th day of November 2013, I caused the foregoing Joint Motion to Set Briefing Format and Schedule to be served on all ECF-registered counsel.

/s/ William L. Wehrum, Jr.